UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL NORMAN MATTESON      CIVIL ACTION NO. 11-cv-1911

VERSUS      JUDGE STAGG

TOWN OF VIVIAN      MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Michael Norman Matteson ("Plaintiff"), a self-represented plaintiff, filed a petition in state court against the Town of Vivian and alleged a wrongful arrest and other mistreatment at the hands of Vivian police officers. The Town removed the case based on the assertion of federal claims within the petition. The Town has filed a Motion to Dismiss (Doc. 8) in which it argues that Plaintiff has failed to state a claim against the Town on which relief may be granted. For the reasons that follow, it is recommended that Plaintiff's federal law claims be dismissed for failure to state a claim and that his state law claims be remanded to state court.

**The Allegations**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Plaintiff alleges that he spoke with two of his neighbors, Randy and Tony Alexander, and asked them to slow down on the residential streets in the area where both Plaintiff and the Alexanders lived. During the conversation, Plaintiff "did identify himself

as a neighbor and a Louisiana State licensed Private Investigator" and presented his official identification and badge.  Plaintiff did so "for the purpose of identity verification" and "did verify that he was **not** a police officer to both individuals and did explain to each party, in detail, the difference between a Private Investigator and a Police Officer." The conversation ended, and Plaintiff was walking toward his home when he was "attacked" by five "extremely intoxicated" members of the Alexander family.  Plaintiff alleges that the Alexanders unlawfully detained him, and threatened him with death by beating and gunshot, but they allowed him to proceed home.  Plaintiff quickly called the Vivian police.  Petition, ¶¶ 4-6.

Two Vivian police officers, Paul Arbogast and Julie Anderson, came to Plaintiff's home, where Plaintiff informed him of the speeding and other misbehavior by his neighbors. Plaintiff alleges that Randy Alexander arrived at the scene during the interview and, at one point, attempted to strike Plaintiff with his fist.  When Plaintiff complained to the officers, they said they didn't see anything.  Randy blew Plaintiff a kiss, smiled, and drove home.  The two officers then visited the Alexander home.  ¶ 7.

The two officers returned to Plaintiff's house and told him that the Alexanders claimed that Plaintiff had attacked them.  The officers told Plaintiff not to go on or near the Alexander property or have any further contact with them.  If any issues arose, Plaintiff was to notify the Vivian police and let them handle it.  ¶ 8.

Plaintiff received a call the next day and was asked to come to the Vivian Police Department and submit a written report of the events.  ¶ 9.  That afternoon, and during the

next two days, Plaintiff observed and reported to the Vivian police numerous and repetitive violations of law by members of the Alexander family.  Plaintiff says the violations included stalking, harassment, speeding in residential areas, and intimidation.  Officers Arbogast and Anderson responded to all but two of Plaintiff's many calls.  Officer Delano responded to one of those calls, and Officers Arbogast and Crouch responded to the other.  Plaintiff alleges that Officer Arbogast said, when responding to that call, that he had encouraged the Alexanders to submit police reports stating that Plaintiff "had claimed to be a cop."  ¶ 10.

A few days later, three Vivian police officers came to Plaintiff's home, said they had a warrant for his arrest, and took him into custody on a charge of false impersonation of a peace officer.  Plaintiff alleges that Arbogast viciously tightened his left handcuff and caused severe pain.  Plaintiff was taken to jail, where he posted bond for the $50,000 bail.  Plaintiff alleges that, while he was in jail, members of the Alexander family raced up and down the street outside his home yelling obscenities and giving "the finger" to his wife and son.  Vivian police did not respond to his wife's complaints.  Over the next two months, Plaintiff and his family attempted to report not less than 25 crimes by the Alexanders.  All but one report were ignored.  ¶ 12.

Plaintiff alleges that the criminal charge was brought maliciously and falsely, and Officers Arbogast and Anderson conspired with the Alexanders to deceive the District Attorney into obtaining the warrant.  ¶ 13.  Chief of Police Sam Curry "was a party to" the false arrest "via negligence of duty," plus conspiracy and abuse of authority.  ¶ 14.

The remainder of the petition describes Plaintiff's alleged injury to his wrist, complains generally about the work done by the police officers, prays for various forms of damages, and asserts that the Town of Vivian police department's failure to reasonably address the matter in a professional manner violated Plaintiff's Fourth and Fourteenth Amendment rights and constituted negligence of duty, abuse of authority, excessive use of force, and criminal conduct.  ¶ 20.

**Analysis**

The only named defendant in this case is the Town of Vivian.  A municipality such as the Town of Vivian may be liable under Louisiana law based on the negligent or otherwise tortious acts of its police officers that are committed within the course and scope of the officer's employment.  Brasseaux v. Town of Mamou, 752 So.2d 815 (La. 2000); Johnson v. Gantt, 606 So.2d 854 (La. App. 2d Cir.1992).

Federal law is different. When federal constitutional claims are asserted against a municipality under 42 U.S.C. § 1983, the municipality is not liable for those claims merely because it employed officers who may have committed the violations.  The municipality itself may be liable for those federal claims only if the acts are directly attributable to it through some official policy promulgated by the municipality's policymaker that was the moving force behind, or actual cause of, the constitutional injury.  James v. Harris Country, 577 F. 3d 612, 617 (5th Cir. 2009).  The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result.  Id.

Plaintiff has filed a lengthy state-court petition and two memoranda in response to the motion to dismiss, but he has not articulated a policy or custom enacted by the Town of Vivian that is both unconstitutional and the moving factor behind the actions of Officers Arbogast and Anderson to seek his arrest on a false charge or subject him to excessive force. Rather, Plaintiff asserts that the Town's administrators "knew or should have known" of constitutional violations by its police officers but "took no action whatsoever to cause said misconduct and malfeasance to cease and desist ... ." Such an allegation, if proved, might give rise to municipal liability under the state tort law, but it does not describe the kind of policy or custom that may give rise to municipal liability for federal constitutional violations. Even on a motion to dismiss, the "description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997). Plaintiff has had ample opportunity to do so, but he has not set forth adequate facts to state a Section 1983 constitutional violation claim against the Town of Vivian on which relief may be granted. See Hayes v. O'Connor, 2004 WL 2334078, **5-6 (S.D. N.Y. 2004) (allegations of police department full of rogue officers that often violated constitutional rights and committed perjury, about whom the village knew but did little or nothing to address, did not state a claim for Section 1983 municipal liability). Accordingly, all federal law claims against the Town should be dismissed.

**State Law Claims**

As mentioned above, it is possible for a town to be liable under state law for the negligence or other torts of its police officers. Plaintiff has asserted or referenced claims under state law for defamation, excessive force, false arrest, and other state-law theories. The Town of Vivian could be liable to Plaintiff under those theories if Plaintiff established all the required elements of the underlying claims and for the application of vicarious liability.

All indications in the record are that Plaintiff and the Town are citizens of Louisiana, so there is no basis for the exercise of diversity jurisdiction over the state law claims. Accordingly, the only basis for this court to exercise jurisdiction over those claims is supplemental jurisdiction pursuant to 28 U. S. C. § 1367.  That supplemental jurisdiction depends upon the presence of the federal claims over which the court has original jurisdiction.  Once the federal claims are dismissed, Section 1367(c)(3) provides that the court may decline to exercise supplemental jurisdiction over any remaining state law claims.

The general rule is that the court should decline to exercise supplemental jurisdiction over the state law claims if the federal claims are dismissed at an early stage of the litigation. Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992); Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995).  The dismissal of the federal law claims comes early in this case, and there is no compelling reason to continue to exercise jurisdiction over the purely state law claims.  The court should remand those claims to the state court where Plaintiff may seek their resolution. See Engstrom, 47 F.3rd at 1465 (affirming remand of state law claims when court declined to

exercise supplemental jurisdiction over them in a removed case); <u>Noble v. White</u>, 996 F.2d 797, 800 (5th Cir. 1993) (same).

Accordingly,

**IT IS RECOMMENDED** that the Town of Vivian's Motion to Dismiss (Doc. 8) be granted by dismissing with prejudice all federal law claims asserted in the petition.

**IT IS FURTHER RECOMMENDED** that the court decline to exercise supplemental jurisdiction over the remaining state law claims and remand them to the First Judicial District Court, Caddo Parish, Louisiana, where this case was pending as Civil Action No. 554544.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of June, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE